## PRENDERGAST v. KATZ

(November 18, 1929.  Opinion and Decree.)

John J. Wingrave, of New Orleans, attorney for plaintiff, appellant.

Feitel and Feitel, of New Orleans, attorneys for defendant, appellee.

JANVIER, J.  Plaintiff sues for damages alleged to have been caused by the illegal removal by defendant of certain household articles, which had been sold by defendant to plaintiff and his wife. There is considerable dispute as to whether or not the particular articles which defendant removed had been paid for but this is of no

importance because, if defendant improperly attempted to take the law into his own hands and to remove by force the property, he would be liable for such damages as may have been caused by such illegal action, even if no payment whatever had been made.

The evidence, however, is quite convincing that defendant removed the articles in question with the consent of plaintiff's wife. The wife herself had testified, when her evidence was taken prior to the trial, that "he said he wanted to take the pillows so I gave them to him."

This testimony by itself might not be helpful to defendant, because it would be entirely proper for a sick woman in the condition in which Mrs. Prendergast was, rather than engage in a controversy, to give in and allow the removal of the articles, but the evidence of Mrs. Calvo, who, we conclude from the evidence, was with Mrs. Prendergast at the time of the removal, is to the effect that Katz used no violence but that the articles were voluntarily given to Katz by Mrs. Prendergast. This testimony is as follows:

"Q. What conversation took place between Mrs. Prendergast and Mr. Katz?
"A. He said, 'Good morning, Madam. I come for the table and pillows.' She said she was sick and could not be worried. He said, 'I am sorry the lady is sick and I hope you get well.' In the meantime Mrs. Prendergast took the slips off the pillows and gave them to him."

We attach no importance to the subsequent conversations with regard to blackmail, etc., as the evidence is conflicting with regard thereto, and, we do not believe that this evidence, if true, would alter the rights of the parties which had previously accrued.

For the reasons assigned the judgment appealed from is affirmed.